UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CRIMINAL NO. 24-CR-20150

v.

                            HON. GERSHWIN A. DRAIN

JOHN SCOTT,

        Defendant.
_____/

GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by its attorneys, Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Susan E. Fairchild, Assistant United States Attorney for the District, respectfully submits this Sentencing Memorandum regarding Defendant John Scott, who is scheduled to be sentenced on November 20, 2024. The probation department has calculated the guidelines to be 6-12 months. The government agrees with the calculations and the applicable guideline range.

I. PROCEDURAL BACKGROUND

Scott was charged in a criminal complaint with Transporting Illegal Aliens, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii). Subsequently, a

1

one-count Indictment was filed charging Transporting Illegal Alien(s) in violation of Title 8, United States Codes, Section 1324(a)(1)(A)(ii).  Scott entered his guilty plea on August 22, 2024.  There is no Rule 11 Plea Agreement in this matter. Scott has been on bond and under the supervision of U.S. Pre-Trial Services Agency since August 7, 2023.

II.     FACTUAL BACKGROUND

On May 25, 2023, by U.S. Border Patrol Agents saw a van driving aboard the ferry from Harsens Island to the United States mainland. The area is known for alien and narcotics smuggling.  The Agents noticed the van had several passengers inside.  The Agents followed the van off the ferry and a traffic stop was conducted when the van reached Ira Township, MI.  The driver of the van was identified as Noah Baldwin. Scott was the front seat passenger. The van smelled of marijuana. Scott initially told the Agents that they met the passengers on the island, and they asked for a ride. He then admitted to making prior arrangements to pick them up. The five passengers did not speak English and were identified as Brazilian citizens. One of the passengers was released, and the others were detained because they had no authority to be in the United States. The passengers told the Agents that they were transported across the river from Canada by boat about one hour earlier. They were then picked up in the van and were being driven into the United States. Scott told

2

the Agents that he was offered money to give the passengers a ride from Harsen's Island to a motel in Roseville, MI. He rented the van to drive to Harsen's Island. He also told the Agents about another alien he picked up in Roseville and planned to take to Harsen's Island, so that he could board the boat and go to Canada. Ultimately, that alien was not able to board the boat, and he returned with Scott to the United States. Scott told the Agents that Baldwin did not know anything about the plan to pick up the passengers and only accompanied him on the drive (PSR, ¶11). Seized from the van was a small bag of marijuana, car rental paperwork and nine cell phones.

### III. GOVERNMENT'S SENTENCING CALCULATION

#### A. Statutory Maximum Sentences

Count 1: Alien Transport, in violation of 8 U.S.C. §1324(a)(1)(A)(ii), not more than 10 years' imprisonment, a $250,000 fine, or both. Special Assessment $100. Class C Felony offense.

#### B. Sentencing Guidelines Calculations.

Defendant's guidelines are as follows:

*Base Offense Level*

USSG §2L1.1(a), Transport Illegal Aliens, Level is 12

Acceptance of Responsibility, USSG §3E1.1(a)   -2

Offense Level   10

3

*Criminal History Category*:

| | |
|---|---|
| 2005 Attempt Breaking and Entering a Bldg. | 0 points |
| 2017 Possession of Marijuana | 1 point |

Prior Convictions = 1 Point

Total is 1 point, Category I

The applicable guideline range is 6-12 months' imprisonment (PSR, ¶57).

## IV. GOVERNMENT'S RECOMMENDATION

The government recommends, as permitted by statute, a non-custodial sentence to be combined with a period of community service (PSR, ¶61). Such a sentence would recognize the seriousness of Scott's conduct in transporting non-citizens who had been smuggled into the United States and would serve as a deterrent to future criminal activity.

## V. ANALYSIS OF 18 U.S.C. §3553(A) FACTORS

A sentence as proposed by the government, appropriately takes into account the factors identified in 18 U.S.C. §3553(a), and, in view of the totality of the circumstances and facts of Scott's case, is reasonable. The most relevant sentencing factors for this Court to consider are as follows:

<u>Nature and Circumstances of the Offense/History and Characteristics of Defendant</u>

Scott is a 37-year-old native of Detroit, MI. He is single, with no dependents.

4

He has a high school diploma. He has used an alias name in the past, and an alias date of birth. Since 2016 he has resided in the Detroit area. He resides with his 71-year-old mother, who suffers from health conditions- including diabetes and cardiac issues. His 26-year-old nephew also lives in the house (PSR, 40).  Scott has no known medical conditions and no history of mental or emotional problems. He is a recreational user of marijuana, but has not used marijuana since August 2023, when he was placed on pretrial supervision.   He has recently tested negative for substance use.

    Scott's self-employment involves the sale, purchase, and trading of sneakers (athletic shoes).  He connects with buyers through Facebook and Instagram. He occasionally works as a Lyft or Uber driver to earn additional income.  He also provides home care for his mother. He is trying to get certified through the State of Michigan as a full-time caregiver. Scott claims he got involved with the alien smugglers when he was approached concerning the sale/purchase of tennis shoes. That information has not been confirmed.  There were several phone communications between Scott and the smugglers prior to the transport. Scott was to be paid for transporting the individuals he picked up after they got off the boat from Canada. Due to the arrest, he was not paid.

Although Scott's actions in this case may appear, at first glance, to be nothing more than an opportunity to make some quick cash, his action in transporting the illegal aliens is human smuggling. Human smuggling involves bringing noncitizens into the United States by deliberately evading immigration laws and unlawfully transporting and harboring noncitizens who are already unlawfully present in the United States. Human smuggling is a gateway crime for additional criminal offenses, including illegal immigration, identity theft, document and benefit fraud, gang activity, financial fraud and terrorism.

Human smuggling also threatens U.S border security and public safety. When immigrants enter the United States without proper authority and at places not designated as ports of entry, they cannot be screened by customs and border protection agents for past criminal conduct or health conditions. Smuggling networks may be linked to other forms of organized crime, such as drug trafficking, weapons smuggling and terrorism.  This poses security risks to source and destination countries, including threats to public safety and border security, and further endangers American lives.

Scott's actions in picking up the Brazilian natives after they illegally crossed into the United States from Canada, jeopardized the safety of United States citizens. He did not know the backgrounds of the aliens, medical conditions, or other personal

characteristics, which could have presented a security risk. He did know, based upon screen shots of telephone messages, that he was picking up people who had traveled to the United States by boat from Canada, and that they did not have legal status in the United States.

Scott was cooperative with authorities at the time of his arrest. During the time he has been supervised by pre-trial services he has been compliant with all conditions. He appears remorseful for his conduct. This is his first felony conviction. The government does not oppose a non-custodial sentence as permitted by statute.

<u>Need for Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law and to Provide Just Punishment for the Offense and the Need for the Sentence to Afford Adequate Deterrence to Criminal Conduct</u>

Scott has demonstrated his lack of respect for the United States immigration laws, and his refusal to abide by them, by transporting non-citizens into the United States, purely for personal or financial gain. This Court is obligated to impose a sentence necessary to reflect the seriousness of the offense, promote respect for the law and to provide just punishment for the offense, as well as a sentence to afford adequate deterrence to criminal conduct.

VI. <u>CONCLUSION</u>

7

Due to the circumstances involved in this matter, the government does not oppose a non-custodial sentence as permitted by statute.

> Respectfully submitted,
>
> DAWN N. ISON
> United States Attorney
>
> s/Susan E. Fairchild (P41908)
> Assistant United States Attorney
> 211 W. Fort St., Suite 2001
> Detroit, Michigan 48226
> (313) 226-9577
> E-mail: susan.fairchild@usdoj.gov

Dated:   November 15, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system.

Nancy McGunn, Attorney for Defendant

> s/Susan E. Fairchild P41908
> Assistant United States Attorney
> 211 W. Fort Street, Suite 2001
> Detroit, MI   48226
> Phone: (313) 226-9577
> E-mail: susan.fairchild@usdoj.gov

8